## Johnny C. McCoy, Trading as McCoy Plumbing & Heating

### v.

## Chrysler Condo Developers Limited Partnership, et al.

Record No. 890459

March 2, 1990

Present: All the Justices

322

K. *Dane Mills* for appellant.
*David K. Sutelan (Jeffrey D. Tarkington; Breeden, MacMillan & Green*, on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in ruling that a suit brought to enforce a mechanic's lien was time-barred. Involved is the application of a section of the U.S. Bankruptcy Code, 11 U.S.C. § 108(c) (1988), upon the institution of enforcement suits that are automatically stayed as a result of a bankruptcy proceeding.*

 Code § 43-17 provides, in pertinent part, that "[n]o suit to enforce [a mechanic's lien] shall be brought after six months from the time when the memorandum of lien was recorded." The Bankruptcy Code, in § 108(c), provides, in pertinent part, that

if applicable nonbankruptcy law . . . fixes a period for com-mencing . . . a civil action in a court other than a bank-ruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362 . . . , with respect to such claim.

---

*The Bankruptcy Code, 11 U.S.C. § 362(a)(1) (1988), in pertinent part, imposes a stay of "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of [the bankruptcy proceeding]."

Johnny C. McCoy, trading as McCoy Plumbing and Heating, is a sole proprietor engaged in a plumbing and heating business. In June 1986, McCoy contracted with Flatiron Associates, Ltd. to provide certain plumbing materials and services in the renovation of Flatiron's building in the City of Norfolk. When Flatiron failed to pay McCoy $7,740.38 allegedly owing under the contract, McCoy filed a memorandum of mechanic's lien against Flatiron's building on December 30, 1986.

On February 23, 1987, Flatiron filed a Chapter 11 bankruptcy petition. Pursuant to 11 U.S.C. § 362, an automatic stay was imposed, prohibiting McCoy from instituting a suit to enforce his mechanic's lien. Thereafter, McCoy filed a motion in the bankruptcy court requesting relief from the stay.

On June 26, 1987, in response to McCoy's motion, the bankruptcy court "modified" the stay by granting McCoy permission to file a bill of complaint to enforce the mechanic's lien. The court's order further provided, however, that the bill of complaint was "not to be served on the [d]ebtor or other [d]efendants or parties in interest, and [that McCoy] shall take no further action while the [a]utomatic [s]tay is in effect without prior approval" of the bankruptcy court.

On July 29, 1987, McCoy filed a bill of complaint to enforce the mechanic's lien. The defendants/appellees, Chrysler Condo Developers Limited Partnership, Stephen C. St.John, trustee, and First Union National Bank (collectively, Chrysler), by a demurrer, sought dismissal of the bill of complaint on the ground that the suit to enforce the mechanic's lien was not brought within the time specified by Code § 43-17, as extended by 11 U.S.C. § 108(c). The trial court sustained the demurrer and dismissed the suit, holding that the suit was time-barred. McCoy appeals.

McCoy contends that the bankruptcy court order did not *terminate* the automatic stay, within the meaning of 11 U.S.C. § 108(c)(2), but merely *modified* the stay to allow him to file a bill of complaint. Thus, McCoy asserts, the time within which to file his enforcement suit had not expired pursuant to § 108(c).

Chrysler contends, on the other hand, that the June 26, 1987 order of the bankruptcy court terminated the stay, and therefore, pursuant to 11 U.S.C. § 108(c)(2), McCoy had 30 days from the entry of the order to file his bill of complaint. Thus, according to Chrysler, the trial court correctly ruled that July 27, 1987, was

the last day that McCoy could file his bill of complaint. We do not agree.

■ Section 108(c)(2) makes clear that McCoy could institute an enforcement suit at any time within "30 days after notice of the *termination* or *expiration* of the stay." (Emphasis added.) The June 26, 1987 bankruptcy court order clearly states that the automatic stay is "modified" only, not terminated. Indeed, the order expressly provides that, although McCoy was permitted to file his bill of complaint, neither the debtor nor any other defendants could be served with process and directs that McCoy "take no further action while the [a]utomatic [s]tay is in effect." By the terms of the bankruptcy court's order, the stay had not been terminated at the time McCoy filed his suit. Therefore, the trial court erred in ruling that the suit was time-barred.

Accordingly, the trial court's judgment will be reversed, and the case will be remanded for further proceedings.

*Reversed and remanded.*